Gaetano Aveta
vs.
Antonio E. Mancini
} No. 56705.

Caterina Aveta
vs.
Antonio E. Mancini
} No. 56706.

February 4, 1928

SUMNER, J. Plaintiffs, who are husband and wife, brought suit to recover damages alleged to have been caused by the negligence of the defendant in driving his truck against the wagon in which they were riding on Barrington Bridge, by reason of which they were thrown out and injured. The jury returned a verdict for the defendant in both cases.

The plaintiff Gaetano was driving his horse and wagon about 6:30 one April evening. It was raining a little and foggy, and described by the defendant as being "awful dark." The plaintiffs were apparently on the right side of the road. The defendant came from behind at a rate of speed estimated by him as between 22 and 23 miles an hour, saw a shadow ten feet ahead of him, tried to turn out, and his right rear mudguard struck the left side of the wagon, perhaps a hub cap. The wagon had no light on it. but under the statute was not required to have one until an hour after sunset, which period had not elapsed.

The defendant said his bright headlights were on and yet claims to have only seen the shadow at a distance of ten feet away, and to have identified the wagon itself at a distance of five feet. He did not put on his brakes when he saw the wagon but just slowed down, because, as he said, he knew that if he put his brakes on, the car would skid.

Under Chap. 98, Sec. 17, of the General Laws, 1923, the operator of a motor vehicle upon approaching a bridge, and in traveling it, is required to have his car under control and to reduce its speed to a reasonable and proper rate. If the defendant had complied with the provisions of the statute, the accident would not have happened. If the night was dark and foggy and there was rain upon the ground, as the refendant says, he must have known that crossing a bridge at the rate of 22 miles an hour was a dangerous proceeding.

One Quann, a witness summoned by the defendant, testified that he could see 20 feet ahead, and the brother of the defendant, who was riding with him, said he could not see any distance ahead.

The verdict is manifestly against the weight of the evidence and plaintiffs' motions for new trials are granted.

For plaintiffs: A. V. Pettine.

For defendant: Edward C. Stiness, Francis J. O'Brien.